IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41256
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRENNIS TREMAINE CHARGOIS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 1-99-CR-39-ALL
_____

August 15, 2000

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Trennis Tremaine Chargois appeals his conviction following a
trial by jury of possession with intent to distribute cocaine base.

Chargois argues that the testimony of a confidential
government informant who participated in a controlled purchase of
cocaine base was insufficient to support his conviction because
that testimony was unreliable. The credibility of the confidential
informant's testimony is a question solely for the jury. See
United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998). A

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confidential informant's testimony is thus sufficient to support a conviction unless it is incredible or otherwise insubstantial on its face.  See United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993).  We nevertheless need to review this conviction for plain error only as Chargois failed to move for a judgment of acquittal at either the close of the government's case-in-chief or after the close of the evidence portion of the trial.  United States v. Parker, 133 F.3d 322, 328 (5th Cir.), cert. denied, 523 U.S. 1142 (1998).  A conviction may be reversed under the plain error standard only if it resulted in a manifest miscarriage of justice. Id.

The testimony of the informant was not the only evidence introduced at the trial.  His testimony was supported and corroborated by the testimony of a police officer and audio tapes. Chargois has not shown that the informant's testimony was incredible or otherwise insubstantial on its face or that his conviction resulted in a manifest miscarriage of justice. Gadison, 8 F.3d at 190; Parker, 133 F.3d at 328.  Accordingly, he has failed to demonstrate error, plain or otherwise.

The judgment of the district court is

A F F I R M E D.